NEWMAN, Circuit Judge,
concurring in the judgment.
I too would dismiss Mr. Tavory’s claims. I would dismiss on either of two grounds: first, for laches, for no error has been shown in the district court’s finding that “[t]he Plaintiffs delay in asserting his authorship has been excessive and unreasonable,” Tavory v. NTP, Inc., 495 F.Supp.2d 531, 537 (E.D.Va.2007); and second, on the ground of estoppel by silence when there was a clear duty to speak, for during Mr. Tavory’s participation in the litigation between NTP and Research in Motion on these patents, he did not mention the possibility of his joint inventorship. As the district court observed, starting with Mr. Tavory’s deposition in 2002 and throughout that litigation, from trial to appeal to remand to settlement, Mr. Tavory did not state that he was the creator of “the key to the invention,” as he now states. The district court observed that “the first time that Tavory claimed to be the author of the source code was in 2006, after Mr. Campana [the principal named inventor] had passed away, and after a healthy settlement between NTP and Research In Motion had been reached.” Tavory, 495 F.Supp.2d at 537 n. 4.
Mr. Tavory does not dispute these facts. His explanation, that no one asked him if he was a joint inventor, does not excuse this silence, in the circumstances of his knowledge of and participation in the litigation. The undisputed facts evoke prima facie laches and estoppel, which have not been rebutted. On this ground, I concur in the dismissal.
This court, in finding that Mr. Tavory is not a joint inventor, propounds several purported rules of joint inventorship. For example, the majority opinion states that “inventors are not required to have known how to reduce their conceived inventions to practice to establish conception.” Maj. op. *986 at 981. That statement is sometimes applicable, but it is far from a general rule. The courts have often held, that “conception and reduction to practice go hand in hand;” that is, on the facts of that case, there is no conception without reduction to practice. See, e.g., Dow Chem. Co. v. Astro-Valcour, Inc., 267 F.3d 1334, 1341 (Fed.Cir.2001). As another confusing statement, the court bases its inventorship decision on the statement that “[a]n invention may be novel and non-obvious as a whole and yet be a combination of elements that are all individually well-known in the prior art by skilled artisans.” Maj. op. at-. That statement of law is correct, but we are not told how it negates Mr. Tavory’s claim to have contributed a novel element to the claimed invention. Other statements of law are of equally obscure relevance, although their applicability to these facts is suggested.
Whether or not Mr. Tavory should have been or could have been named as a joint inventor, he waited too long to make the claim. That is a sufficient ground of affir-mance.